UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Kalvin Dontay Hunt,                                )        C/A No. 9:15-4388-TMC-JDA
                                                   )
                            Plaintiff,             )
                                                   )
vs.                                                )        **REPORT AND RECOMMENDATION**
                                                   )
Naval Hospital Beaufort;                           )
Case Pro Incorporated,                             )
                                                   )
                            Defendants.            )
_____)

   Kalvin Dontay Hunt ("Plaintiff"), proceeding pro se, brings this civil action apparently

pursuant to 42 U.S.C. § 1983.  It appears that Plaintiff is committed to the South Carolina

Department of Mental Health, and he files this action *in forma pauperis* under 28 U.S.C.

§ 1915.  The Complaint is subject to summary dismissal.

## BACKGROUND

   Plaintiff resides at the Columbia Regional Correct Care Center in Columbia, South

Carolina.  [Doc. 1.]  He brings this action against Case Pro Incorporated, in Beaufort, South

Carolina, and the Naval Hospital Beaufort in Beaufort, South Carolina.  [*Id*.] Plaintiff makes

no allegations about Case Pro Incorporated—what type of entity it is or how it was

involved. [*Id*.]

   Plaintiff alleges the following facts.  On February 24, 2012, he was a patient in the

Beaufort Naval Hospital because he was having psyc[h]osis symptoms.  [*Id*.] Plaintiff

informed staff at the Naval Hospital that he did feel like harming himself or others.  [*Id*.] He

was deemed to be a threat to himself, and then he was left unattended.  [*Id*.] While naked,

he fled the premises of the Naval Hospital without staff or security stopping him.  [*Id*.] Then,

Plaintiff had a flashback, stole an idling fire truck, and murdered an innocent pedestrian. [*Id*.]

Plaintiff alleges that he escaped the Naval Hospital due to the negligence of the doctors, nurses, and security, and his escape permitted him to commit the heinous crime. [*Id*.] Plaintiff contends that those persons on staff at the Naval Hospital failed to protect the general public from him. [*Id*.] And, after he reported his thoughts of harming himself, it was medical malpractice to give Plaintiff an opportunity to harm himself. [*Id*.]

Based on these facts, Plaintiff contends that Defendants are culpable, criminally negligent, and committed medical malpractice. [*Id*.] Thus, they should be liable to Plaintiff for damages. [*Id*.] He also requests that his criminal charges or conviction be exonerated. [*Id*.]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).  However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal.

The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

This action should be dismissed for failure to state a claim on which relief may be granted.  The only allegation Plaintiff makes about Case Pro Incorporated is that it is located at 1 Pinkney Blvd., Beaufort, SC 29902.  There are no allegations related to what type of entity it is or how it was involved.  Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may

proceed into the litigation process only when his complaint is justified by both law and fact); *cf. Skinner v. Switzer*, 131 S. Ct. 1289 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory). Because Plaintiff did not plead any factual allegations that state a plausible claim for relief against Case Pro Incorporated, it should be dismissed.

To the extent this action may be construed as raising a negligence claim pursuant to the Federal Tort Claims Act ("FTCA") against the United States, this Court lacks jurisdiction over the claim. A suit under the FTCA lies only against the United States, which is not named as a defendant. *See* 28 U.S.C. § 2674; *Cibula v. United States*, 664 F.3d 428, 429–30 (4th Cir. 2012). A federal district court lacks subject matter jurisdiction over claims asserted against federal agencies or individual federal employees. *See Sheridan v. Reidell*, 465 F. Supp. 2d 528, 531 (D.S.C. 2006); 28 U.S.C. § 2679. The FTCA waives the sovereign immunity of the United States in certain situations, and litigants must strictly comply with the requirements of the FTCA. *See* 28 U.S.C. § 2675; *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979).

Moreover, even if Plaintiff had sued the United States, he fails to allege administrative exhaustion. An administrative claim must first be filed with the appropriate federal agency, and finally denied by the agency, before commencement of a civil action in a district court under the FTCA. *See* 28 C.F.R. § 14.2; the Standard Form 95; 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues"). Under the FTCA, "the requirement of filing an administrative claim is jurisdictional and may not be waived." *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir.1986). Here, Plaintiff does not

4

allege that he has submitted a Standard Form 95 to an appropriate federal agency or that a federal agency has finally denied his claim. Thus, Plaintiff's claims pursuant to the FTCA should be dismissed.

Lastly, to the extent Plaintiff intends to sue the Defendants pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397 (1971), where the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights in certain circumstances, he fails to state a plausible claim. A plaintiff cannot bring a *Bivens* claim against the United States, a federal agency, or public officials in their official capacity. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Thus, even if Plaintiff intends to sue the Department of the Navy for deliberate conduct, he fails to state a cognizable claim because he cannot sue a federal agency under *Bivens*.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

s/Jacquelyn D. Austin
United States Magistrate Judge

December 18, 2015
Greenville, South Carolina

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).