IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Kalvin Dontay Hunt, | ) | |
| | ) | Civil Action No. 9:15-4388-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Naval Hospital Beaufort; | ) | |
| Case Pro Incorporated, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*, 403 US. 388 (1971). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss Plaintiff's action without prejudice and without issuance and service of process. (ECF No. 17). Plaintiff was advised of his right to file objections to the Report. (ECF No. 17 at 6). Plaintiff has filed objections. (ECF No. 20).

The magistrate judge makes only a recommendation to the court. The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. § 636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. *Id*.

Plaintiff's objections are mostly unspecific to the dispositive portions of the Report. In his objections, Plaintiff argues that Case Pro Incorporated ("Case Pro") and the Naval Hospital

Beaufort ("Naval Hospital") are responsible for the death he caused after he escaped from medical care. (ECF No. 20). He claims that Case Pro committed negligence by failing to secure him either through direct supervision or physical restraints. (ECF No. 20). Although Plaintiff addresses the Report insofar as he states additional facts about Case Pro, he does not allege any facts that would state a cognizable claim against Case Pro under § 1983 or *Bivens*. *See Holly v. Scott*, 434 F.3d 287, 296 (4th Cir. 2006) (*Bivens* does not extend to private citizens); *see also Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *Dalton v. S.C. Dep't of Corr.*, C/A No. 8:09-260-CMC-BHH, 2009 WL 823931, at *2 (D.S.C. March 26, 2009) (dismissing the medical staff of SCDC and Prison Health Services as defendants because they were not persons). In addition, to the extent that Plaintiff's objections allege a claim for the denial of mental health treatment (ECF No. 20 at 2), the court finds that Plaintiff has failed to state a cognizable claim against Case Pro or the Naval Hospital for a denial of medical care or that he exhausted his administrative remedies with regard to that claim.[1] *See Patten v. Nichols*, 274 F.3d 829, 843 (4th Cir. 2001) (holding that plaintiff must show a "substantial departure from accepted professional judgment" and not mere negligence to prevail in a denial of mental health treatment case (quoting *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982))); *see also* 10 U.S.C. § 1089 (providing that the Federal Torts Claim Act is the exclusive means of recovery for damages "caused by the negligent or wrongful act or omission of any physician, dentist, nurse, pharmacist, or paramedical or other supporting personnel (including medical and dental technicians, nursing

---

[1] Individuals allegedly injured by Plaintiff when he escaped from the United States Naval Hospital filed suit in federal court against Case Pro, as well as against other defendants. *See Roberts v. Case Pro, Inc.*, No. 9:13-cv-3395, 2015 WL 4487968 (D.S.C. July 23, 2015). United States District Court Judge David C. Norton dismissed all claims against Case Pro from that case, finding that Case Pro did not control the employees it provided to the Government. *Id.* at *4; *see Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (providing that the court may take judicial notice of other court's orders).

assistants, and therapists) of the armed forces . . . ."); 28 U.S.C. § 2675 (providing that an action cannot be instituted unless the plaintiff exhausts his administrative remedies).

The court has thoroughly reviewed the Report and Plaintiff's objections, and finds no reason to deviate from the Report's recommended disposition.  Accordingly, the court finds Plaintiff's objections are overruled.  Based on the foregoing, the court adopts the Report (ECF No. 17) and incorporates it herein, and Plaintiff's case is **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Timothy M. Cain
United States District Judge

February 4, 2016
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.